IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY ROBINSON | : | |
| Plaintiff | : | |
| v | : | Civil Action No. WDQ-05-2368 |
| WARDEN | : | |
| Defendant | : | |

o0o

## MEMORANDUM

The above-captioned case was opened on August 26, 2005, upon receipt of a letter from plaintiff detailing his account of an ongoing disagreement he is having with a correctional officer at Maryland Correctional Adjustment Center (MCAC).  Paper No. 1.  Plaintiff alleges that Officer Norea delayed releasing him from his cell and almost closed the cell door on him on several occasions.  *Id*.  Plaintiff claims that Sergeant Dunnell has since moved Officer Norea to another post after learning of the problems plaintiff was experiencing.

This Court is obliged by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted.  In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . .   It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).   Under this standard, the instant complaint must be dismissed.

The conduct described by plaintiff in the complaint does not rise to a level of cruel and unusual punishment prohibited by the Eighth Amendment.  "[N]ot all undesirable behavior by state actors is unconstitutional."  *Pink v. Lester*, 52 F.3d 73, 75 (1995).  Moreover, plaintiff does

not claim that the alleged harassment was in retaliation for the exercise of a constitutionally protected right. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).  A civil rights complaint filed pursuant to 42 U.S.C. § 1983 requires at least a probable allegation that a government official has in some way deprived the plaintiff of a right guaranteed to him by the United States Constitution.  Even when the instant complaint is held to the less stringent standards due a pro se complaint, it is clear that it is subject to dismissal.  There is no discernible federal issue presented by plaintiff's claim.

Plaintiff is reminded that under 28 U.S.C. §1915(g), he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," unless he is under imminent danger of serious physical injury. The instant case is the first filed by plaintiff subject to dismissal under 28 U.S.C § 1915(g).   Accordingly, by separate Order which follows, the complaint will be dismissed.


September 1, 2005                            _____/s/_____
Date                                         William D. Quarles, Jr.
                                             United States District Judge